**LAW OFFICES OF MALLON & TRANGER**
86 Court Street
Freehold, NJ 07728
Telephone: (732) 780-0230
Facsimile: (732) 780-5002
Attorneys for Plaintiff, Thomas E. Rowley

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
------------------------------------
THOMAS E. ROWLEY,                    : Civil No.: TO BE ASSIGNED
                                     :
               Plaintiff,            : Civil Action
                                     :
       v.                            :
                                     : COMPLAINT AND JURY DEMAND
TROOPER BRENNAN SULLIVAN and         :
JOHN DOE #1,                         :
                                     :
               Defendants.           :
------------------------------------
```

Plaintiff, Thomas E. Rowley, by way of Complaint against the Defendants, says:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1983. This Court has jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper under 28 U.S.C. §1391 because Plaintiff resides in this District and the events giving rise to his claims occurred in this District.

1

**PARTIES**

3.  Plaintiff, Thomas E. Rowley, is a resident of Bordentown Township in Burlington County, New Jersey.

4.  At all times relevant to the allegations of this Complaint, Defendant, Brennan Sullivan, was a State Trooper employed by the New Jersey Division of State Police and acting in the course of his employment and/or under color of state law. He is sued in his individual capacity.

5.  At all times relevant to the allegations of this Complaint, Defendant, John Doe #1, was a State Trooper employed by the New Jersey Division of State Police and acting in the course of his employment and/or under color of state law. He is sued in his individual capacity.

**FACTS**

6.  Plaintiff lives on Hedding Road in Bordentown Township, New Jersey. Hedding Road is located approximately a one quarter mile from Troop C - Bordentown Barracks, where Defendant Sullivan worked.

7.  Residents from Plaintiff's neighborhood frequently complain about state troopers routinely speeding on Hedding Road.

8.  On June 19, 2016 - Father's Day - Plaintiff spent the day with his daughter and two sons. They went kayaking and later cooked out at home.

9.  After dinner, Plaintiff and his sons played basketball. While playing basketball, the ball rolled on to Hedding

2

Road.

10. Simultaneously, Defendant Sullivan was speeding down Hedding Road in a marked troop car without overhead flashing lights or a siren.

11. Plaintiff heard Sullivan accelerate his vehicle and yelled to his sons not to run after the ball.

12. Sullivan's vehicle hit the ball and continued another 58 feet before coming to a stop.

13. Sullivan proceeded to exit his vehicle. Frustrated, Plaintiff asked if Trooper Sullivan was on a call. In response, Sullivan approached Plaintiff and aggressively stated he was "on a fucking call." Then, as he stood chest-to-chest with Plaintiff, Sullivan said "don't make me embarrass you in front of your kids."

14. Plaintiff replied that he was tired of troopers speeding down Hedding Road. He pointed to the ball and told Sullivan that it could have been one of his children crushed under the vehicle.

15. Plaintiff twice attempted to retrieve the ball from underneath Sullivan's vehicle. After his second attempt, Sullivan became irate because Plaintiff was questioning his authority and being critical about the fact that he was speeding on Plaintiff's street. He then told Plaintiff that he was under arrest.

16. The decision to arrest Plaintiff was based purely on malice.

17. Plaintiff put his hands behind his back, walked toward Sullivan and allowed Sullivan to handcuff him.

18. While handcuffing Plaintiff, Sullivan used excessive force, causing unnecessary injury, and ignored repeated requests by Plaintiff to loosen the handcuffs.

19. As a result, Plaintiff sustained obvious bruising and swelling to both his wrists.

20. At no time did Plaintiff pose an immediate threat to the safety of Defendant Sullivan or others.  Nor did he actively resist arrest or attempt to evade arrest by flight.

21. In tears, Plaintiff's eldest son begged Sullivan not to take his father away.  As Plaintiff attempted to speak with his son, Sullivan grabbed Plaintiff and forced him into his vehicle.

22. Plaintiff voluntarily sat in the back of the troop car without resisting in any way.

23. Sullivan made no attempt to make any arrangements for the care of Plaintiff's children, thereby endangering their welfare and greatly adding to the distress Plaintiff was already experiencing.

24. Sullivan arrested Plaintiff and transported him to the New Jersey State Police's Bordentown Barracks, where he was detained in a holding cell for approximately 20 minutes.

25. During this time, Plaintiff was served with a Complaint-Summons charging Plaintiff with Disorderly Conduct -

Improper Behavior, in violation of <u>N.J.S.A.</u> 2C:33-2A(2).

26. As he was being released, Plaintiff, holding the Complaint-Summons in his hand, began to converse with Defendant, John Doe #1, whom Plaintiff believed to be a Sergeant.  When Plaintiff advised Defendant, John Doe #1, of his intent to file an Internal Affairs Complaint against Sullivan, Defendant, John Doe #1, told Plaintiff to "forget" about filing an Internal Affairs Complaint.  When Plaintiff refused, Defendant, John Doe #1, stated that Plaintiff was again "under arrest," and made him return to the holding cell.

27. This second detention, initiated by Defendant, John Doe #1, also lasted for approximately 20 minutes, and ended when Defendant, John Doe #1, brought papers for Plaintiff to complete for an Internal Affairs Complaint.

28. In support of the charge, Sullivan alleged in both the Complaint and his report that Plaintiff had made vulgar and offensive statements within earshot of juveniles; failed to obey numerous lawful orders from a New Jersey State Trooper; refused to surrender his hands while being arrested; refused to enter the troop car after being ordered to do so; and walked in the roadway and delayed traffic while intoxicated.

29. At no time did Plaintiff consume alcohol.  Nor was he ever intoxicated at any time during the day.

30. The report Sullivan later prepared included malicious

fabrications designed to justify a totally unwarranted arrest.

31. Defendant Sullivan maliciously fabricated each and every one of these allegations to support an arrest that was improper, had no basis in fact, and was not supported by probable cause.

32. Plaintiff pled not guilty to the charge of Disorderly Conduct - Improper Behavior.  On August 23, 2017, Plaintiff was tried in the Bordentown Township Municipal Court on that charge.  Upon the conclusion of the trial, the Municipal Court Judge found Plaintiff guilty.

33. Plaintiff timely appealed his conviction to the Superior Court of New Jersey, Burlington County, and, on March 27, 2018, following a trial *de novo* before the Honorable Thomas P. Kelly, J.S.C. (Retired/Recall), Plaintiff was acquitted and completely exonerated of the charge filed against him by Defendant.

34. Plaintiff spent $5000.00 for legal representation in the Bordentown Township Municipal Court and incurred $5000.00 in legal fees for his appeal, together with costs.

## CAUSES OF ACTION

### COUNT I
### FOURTH AMENDMENT
### FALSE ARREST / FALSE IMPRISONMENT
### DEFENDANT, BRENNAN SULLIVAN

35. Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

36. Defendant Brennan Sullivan's actions resulted in Plaintiff being unlawfully detained, falsely arrested and falsely imprisoned, thereby depriving Plaintiff of his right to be free from an unreasonable seizure of his person, in violation of the Fourth Amendment to the United States Constitution.

37. As a direct and proximate cause of Defendant Brennan Sullivan's actions, Plaintiff has incurred attorney's fees and costs, and sustained emotional distress and pain and suffering, and will continue to experience emotional distress and pain and suffering for some time to come.

### COUNT II
### FOURTH AMENDMENT
### MALICIOUS PROSECUTION
### DEFENDANT, BRENNAN SULLIVAN

38. Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

39. Defendant Brennan Sullivan caused Plaintiff to be maliciously prosecuted, in violation of Plaintiff's rights guaranteed under the Fourth Amendment to the United States Constitution.

7

40. This prosecution was malicious as Defendant Brennan Sullivan lacked probable cause to initiate a criminal proceeding against Plaintiff.

41. As a direct and proximate cause of Defendant Brennan Sullivan's actions, Plaintiff has incurred attorney's fees and costs, and sustained emotional distress and pain and suffering, and will continue to experience emotional distress and pain and suffering for some time to come.

**COUNT III**
**FOURTH AMENDMENT**
**EXCESSIVE FORCE**
**DEFENDANT, BRENNAN SULLIVAN**

42. Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

43. By handcuffing Plaintiff too tightly and causing Plaintiff to experience pain, Defendant Brennan Sullivan engaged in the use of force that was excessive and objectively unreasonable under the circumstances.

44. As a direct and proximate cause of Defendant Brennan Sullivan's actions, Plaintiff has incurred attorney's fees and costs, and sustained physical injury to both his wrists, emotional distress and pain and suffering, and will continue to experience emotional distress and pain and suffering for some time to come.

## COUNT IV
## FOURTEENTH AMENDMENT
## FABRICATION OF EVIDENCE
## DEFENDANT, BRENNAN SULLIVAN

45.   Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

46.   The Due Process Clause of the Fourteenth Amendment guarantees against state actors manufacturing false evidence to deprive an individual of his liberty.

47.   Defendant Brennan Sullivan knowingly and intentionally wrote a Complaint-Summons and an investigation report filled with false facts to deprive Plaintiff of his liberty.

48.   These false facts were fabricated to establish probable cause for Plaintiff's arrest and prosecution on an otherwise baseless criminal charge.

49.   As a direct and proximate cause of Defendant Brennan Sullivan's actions, Plaintiff has incurred attorney's fees and costs, and sustained emotional distress and pain and suffering, and will continue to experience emotional distress and pain and suffering for some time to come.

## COUNT V
## FOURTH AMENDMENT
## UNLAWFUL SEIZURE
## DEFENDANT, JOHN DOE #1

50.   Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

51.   The actions of Defendant, John Doe #1, constituted unreasonable seizure of Plaintiff's person, as Plaintiff's

9

freedom of movement was restrained either by means of physical force or a show of authority.

52. As a direct and proximate cause of Defendant John Doe #1's actions, Plaintiff has incurred attorney's fees and costs, and sustained emotional distress and pain and suffering, and will continue to experience emotional distress and pain and suffering for some time to come.

**COUNT VI**
**VIOLATION OF NEW JERSEY STATE CONSTITUTION**
**AND/OR NEW JERSEY CIVIL RIGHTS ACT**
**DEFENDANTS, BRENNAN SULLIVAN AND JOHN DOE #1**

53. Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

54. This Court has supplemental jurisdiction to hear and adjudicate state law claims.

55. The actions of Defendants, Brennan Sullivan and John Doe #1, as outlined above, violated Plaintiff's civil rights under the New Jersey State Constitution and/or New Jersey Civil Rights Act.

56. As a direct and proximate cause of Defendants Brennan Sullivan and John Doe #1's actions, Plaintiff has incurred attorney's fees and costs, and sustained physical injury to both his wrists, emotional distress and pain and suffering, and will continue to experience emotional distress and pain and suffering for some time to come.

10

## RELIEF

**WHEREFORE,** Plaintiff seeks relief and judgment against the Defendants, including but not limited to:

1.   An award of compensatory damages and punitive damages based on the intentional and malicious acts of the Defendants, which are allowed by the statutes pleaded herein or as permitted by common law and rules;

2.   An award of reasonable attorney's fees and all costs of suit and interest thereon;

3.   An award of damages as allowed under 42 U.S.C. §1983 and 42 U.S.C. §1988;

4.   Any other award and equitable relief allowed under statute or pursuant to the law or equitable and just power of this Court to which Plaintiff is entitled; and

5.   Any prospective injunctive relief that the Court deems just and appropriate under the circumstances.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues in this action.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Thomas J. Mallon, Esq., as trial counsel in this matter.

s/ Thomas J. Mallon
THOMAS J. MALLON

Dated: April 03, 2018